Sarah P. Pozzi, OSB No. 175313
COZEN O'CONNOR
Suite 1900, 999 Third Avenue
Seattle, Washington 98104
Telephone: 206.340.1000
spozzi@cozen.com

Paul K. Leary (admitted *pro hac vice*)
Benjamin I. Wilkoff (admitted *pro hac vice*)
One Liberty Place, Suite 2800
1650 Market Street
Philadelphia, PA  19103
Telephone: 215.665.6911
pleary@cozen.com
bwilkoff@cozen.com

Rachel Bevans Soloman (admitted *pro hac vice*)
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Telephone: 212.908.1378
rsoloman@cozen.com

*Attorneys for Defendant Rite Aid Corporation*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JASON LEWIS SIMON, <br><br> Plaintiff, <br><br> v. <br><br> RITE AID CORPORATION, a Delaware Corporation, <br><br> Defendant. | Case No. 3:23-cv-00487-SI <br><br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY** |

In support of the Motion for Leave to File a Sur-Reply ("Motion"), Plaintiff *does not* allege that Rite Aid raised new arguments in its Reply brief in support of its Motion to Dismiss. Instead, Plaintiff's Motion seeks to file a sur-reply to alert this Court to an Oregon Supreme Court decision that was issued on May 4, 2023. *State ex. Rel. Rosenblum v. Living Essentials, LLC*, 371 Or. 23 (2023) ("*Living Essentials*"). Plaintiff, however, has had at least two separate opportunities to alert the Court to this decision; it could have been raised in Opposition to Rite Aid's Motion to Dismiss the Complaint (Dkt. No. 19) or in Opposition to Rite Aid's Motion to Dismiss the First Amended Complaint (Dkt. No. 37)—or both—and Rite Aid could then have distinguished *Living Essentials* in its Reply brief. Plaintiff failed to address it. A sur-reply is not intended to be a safety net for arguments that Plaintiff wished he made in Opposition. The Court should deny the Motion.

Plaintiff's Motion also misleadingly claims that Rite Aid has "misstate[d] material facts" as another improper basis for a sur-reply. (Motion at 1). These arguments relating to Rite Aid's characterization of the Products, however, do not support leave to file a sur-reply for three reasons. First, Rite Aid has not made any misstatements of material fact. Second, Rite Aid made these same points (the alleged "misstatements") in its opening brief, and Plaintiff had the opportunity to address them in Opposition. Third, the Court has the at-issue labels and can easily determine what statements are made on the 196 different product labels, without need for a sur-reply.

Finally, Plaintiff has failed to comply with the Local Rules that require he confer with defense counsel prior to filing the Motion. This alone would require denial of his frivolous Motion.

## I. ARGUMENT

### A. <u>Plaintiff does not meet the standard for a sur-reply as he does not allege new arguments were raised in Reply.</u>

As described recently by a court in this District, "under general standards, a sur-reply is permitted *only* when new arguments are raised in the reply." *Smith v. City of Medford*, No. 17-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

00931, 2020 WL 12969189, at *3 (D. Or. Apr. 13, 2020) (emphasis added) (citing *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *see also Kauffman v. Aversa Orrego*, No. 19-01240, 2020 WL 3077866, at *3 (D. Or. June 10, 2020) (denying motion for leave to file sur-reply where the reply brief did not raise any substantive arguments not previously presented). Plaintiff's Motion does not allege that Rite Aid raised any new arguments in Reply. Nor could it, as Rite Aid merely reiterated the strong arguments made in its moving brief and rebutted arguments raised by Plaintiff in Opposition. Because no new arguments were made by Rite Aid, under the relevant law, Plaintiff is not entitled to supplement his briefing with an improper sur-reply.

**B.    <u>Plaintiff should have raised *Living Essentials* in Opposition.</u>**

The real purpose of Plaintiff's request for a sur-reply is evident: he wants another bite at the apple. The decision that Plaintiff seeks to bring to the Court's attention was issued nearly five months ago. This was well before either of Plaintiff's Opposition briefs were due, such that Plaintiff had plenty of opportunity to discover the *Living Essentials* decision and include it in briefing. The Court should not permit Plaintiff a sur-reply to correct a prior briefing mistake, particularly where it would prejudice Rite Aid, who would not have an opportunity to respond to this belated, improper argument.

Further, to the extent that Plaintiff believes *Living Essentials* strengthens his Opposition, this belief is misplaced. The *Living Essentials* case was brought by the Oregon Attorney General and alleged that defendants had made certain representations concerning the characteristics of 5-hour energy products that violated two different provisions of the UTPA. *Living Essentials,* 371 Or. at 27. *Living Essentials* was not a consumer class action like the instant litigation and did not involve confusion over serving sizes; instead, the *Living Essentials* defendants made affirmative

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

misrepresentations that the noncaffeine ingredients in 5-hour energy products provided energy and alertness (when those ingredients do not have those effects) and implied that doctors approved of 5-hour energy products. *Id*. Rite Aid has not made any false statements and Plaintiff's alleged confusion arises out of a failure to read the entire, factually correct label.

Moreover, the portions quoted by Plaintiff refer to materiality. Rite Aid's argument regarding the UTPA was that Plaintiff failed to allege causal reliance on the at-issue misrepresentations; Rite Aid did not mention the materiality of the at-issue statements at all. (Dkt. No. 36, p. 20–21). And, importantly, Rite Aid's "reasonable consumer" argument supports dismissal of Plaintiff's claims outright, such that this Court need not even consider the UTPA-specific arguments. If the Court agrees that a reasonable consumer would not be misled by the at-issue Products (or would consult the entirety of product labeling if they sought to determine serving size), this Motion is moot.

**C.      <u>Rite Aid has not made any material misstatements of fact or law.</u>**

Plaintiff's Motion misleadingly claims that Rite Aid has "misstate[d] material facts." (Motion at 1). These arguments relating to Rite Aid's characterization of the Products, however, do not support leave to file a sur-reply for three reasons.

First, Rite Aid has not made any misstatements of material fact. The "Directions" on the GNC Magnesium soft chews do suggest a serving of "1-2 soft chews daily" on the at-issue Product labeling. (Dkt. No. 26, Ex. 18). Rite Aid repeatedly includes a citation to Exhibit 18 where it references "1-2 soft chews daily" and it is clear from briefing that the "one-tablet" argument relates to the GNC Magnesium soft chews. (Dkt. No. 39, pp. 4, 11). The fact that Plaintiff makes a distinction between the "Serving Size" and the serving included in the "Directions" further demonstrates the intense, Product-specific inquiry this Court will have to do related to 196 Products. Further,  included in the voluminous, wide variety of Products listed in Plaintiff's First

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Amended Complaint are certain protein powders that are offered in caplet form as an alternative to powder. (Dkt. No. 26, Exs. 27, 28, 29, 62, 63). It appears there is some confusion between Plaintiff's counsel and defense counsel about how to describe the statements and qualities on the at-issue Products, which, as Rite Aid's moving papers demonstrate, is easy to do when there are 196 distinct, dissimilar Products at issue.

Second, Rite Aid made these same points in its opening brief, and Plaintiff could have addressed them in Opposition. As stated *twice* in the opening brief to Rite Aid's Motion to Dismiss, Rite Aid argued "the suggested serving size for one of the Products is '1-2 soft chews daily,' such that the number of units may not overstate the number of servings within the range of the recommended serving size. (*Id.*, Ex. 18)." (Dkt. No. 36, p. 6); (*see also* Dkt. No. 36, p. 15, n. 2). This is the exact same argument that Plaintiff now claims he needs a sur-reply to respond to. The Court should not permit Plaintiff any additional pages to address arguments he should have addressed in Opposition, particularly where the argument in opposition is merely gamesmanship between "Serving Size" and "Directions" to try to salvage frivolous claims.

Finally, the Court does not need a sur-reply related to facts on a Motion to Dismiss. The Court has the at-issue labels and can easily determine what statements are made on the 196 different product labels; the facts are within the Court's purview. Copies of all relevant product labels are annexed to Plaintiff's Complaint. (Dkt. No. 26). The Court does not require a sur-reply from Plaintiff when it can consult the at-issue labeling and make all necessary factual determinations.

## D.    <u>Plaintiff failed to confer with defense counsel.</u>

Motions for leave to file sur-reply are also denied where plaintiffs fail to comply with the Local Rules requiring conferral with defense counsel. *Kauffman,* No. 19-01240, 2020 WL 3077866 at *3 ("Plaintiff has failed to certify that he conferred with Defendants before filing this

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

motion, as required by Local Rule 7-1(a)(1). This supplies an additional basis for denying Plaintiff's motion [for leave to file sur-reply]"). Plaintiff's Motion does not certify that counsel conferred with defense counsel because he did not do so, despite the fact that counsel for the parties communicated via email on September 25, 2023, just a few hours prior to the filing of the instant motion.

## II.     CONCLUSION

Rite Aid respectfully requests this Court deny Plaintiff's Motion for Leave to File Sur-Reply.

DATED this 26th day of September, 2023.

COZEN O'CONNOR

By: */s/ Rachel B. Soloman*

Paul K. Leary, Jr. (*pro hac vice*)
E-mail:   pleary@cozen.com
Benjamin I. Wilkoff (*pro hac vice*)
E-mail:   bwilkoff@cozen.com
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone:  (215) 665-6911

Rachel B. Soloman (*pro hac vice*)
E-mail:   rsoloman@cozen.com
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
Telephone:  (212) 908-1378

Sarah P. Pozzi, OSB No. 175313
E-mail:   spozzi@cozen.com
999 Third Avenue, Suite 1900
Seattle, Washington  98104
Telephone:  (206) 340-1000

*Attorneys for Defendant Rite Aid Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2023, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to

counsel of record as follows:

Rick Klingbeil, OSB No. 933326
Rick Klingbell, PC
1836 NE Broadway
Portland, OR  97232
Telephone:  (503) 473-8565
E-mail:  rick@klingbeil-law.com

DATED this 26th day of September, 2023.

COZEN O'CONNOR

By: */s/ Rachel B. Soloman*
        Rachel B. Soloman, *pro hac vice*
        E-mail:    rsoloman@cozen.com