RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR  97232
Ph: 503-490-6763
rick@klingbeil-law.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **JASON LEWIS SIMON**, an individual, | Case No. 3:23-cv-00487-SI |
| Plaintiff, | |
| v. | **PLAINTIFF'S SUR-REPLY TO DEFENDANT'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **RITE AID CORPORATION**, a Delaware Corporation, | |
| Defendant. | |

Pursuant to leave granted by the Court (Dkt. 42), Plaintiff submits this *Sur-Reply* to

Defendant's *Reply to Plaintiff's Response to FRCP 12(b)(6) Motion to Dismiss Plaintiff's First*

*Amended Complaint* pursuant to *Plaintiff's Motion for Leave…*, filed concurrently.

**A.      Points and Authorities**

**1.      Defendant misstates several material facts in its briefing:**

- **On page 6 of 25 of its Reply, Defendant claims that:**

  **"This is true for all Products, but particularly true where Products include a daily supply or 'per serving' disclosure on the front label and *where Products have a one-tablet serving size.*"** (Italics added).

Defendant's claim is contrary to the facts. None of the Accused Products or their labels show or have a "one-tablet serving size." Each of the Accused Products have a serving size of two or more.

- **On page 16 of 25, Defendant misrepresents the text of the labeling on the GNC Magnesium Soft Chews (See, Exhibit 18 of Plaintiff's First Amended Complaint.)**

The Supplement Facts panel on the back of the GNC Magnesium Soft Chews clearly and unequivocally states "Serving Size Two Chews, Servings Per Container 30." (See, *First Amended Complaint*, Exhibit 18).

Even so, Defendant claims that somehow the text on the Supplement Facts panel stating, "take 1-2 soft chews daily" excuses the misleading PDP that claims "60 soft chews" and "250 mg" of Magnesium each, when each soft chew instead only contains 125 mg of Magnesium. Defendant again ignores the requirements under Oregon and federal law that the PDP, by itself and standing alone, must contain an accurate statement of the quantity of contents within the package.

- **On page 17 of 25, Defendant misrepresents the nature of the Accused Products at issue.  None consist of a "powder" delivery system.**

Defendant errantly claims that:

> "the Products contain varying serving sizes of different types of supplements (caplets, *powder*, gummies, chewable tablets, etc.)" (Italics added).

That statement is incorrect.  Plaintiff has specifically included only products with a delivery system of individual units, such as tablets, capsules, gummies, or soft chews.  Plaintiff agrees that given the nature of the misrepresentations on the PDPs for the Accused Products, a liquid or powder delivery system would not be substantially similar to the individual units and associated misrepresentations of quantity of each unit.

**Page 2 – PLF'S SUR-REPLY TO DEF'S FRCP 12(b)(6) MOTION TO DISMISS PLF'S FIRST AMENDED COMPLAINT**

**2.** **Defendant claims reliance is required under the UTPA, yet it fails to discuss a recent Oregon Supreme Court case specifically holding that reliance is _not_ required for a claim under ORS 646.608(1)(e).**

In *State ex rel Ellen F. Rosenblum v. Living Essentials, LLC*, 371 Or 23 (2023) the Oregon Supreme Court recently settled the question of whether ORS 646.608(1)(b) and ORS 646.608(1)(e) contain an implicit requirement that defendants' acts were "material to consumer purchasing decisions" *Id. at 32, 44*. That is, do these provisions of the UTPA require reliance?

The *Living Essentials* court reviewed the statutory language, context, and legislative history of the UTPA and held that these two paragraphs do not require reliance:

> "the text, context, and legislative history demonstrate that the statute unambiguously does not require proof that a defendant's conduct was 'material to consumer purchasing decisions.'" *Id.* at 44.

The analysis and reasoning of *Living Essentials* applies with equal force to Plaintiff's claims based on ORS 646.608(1)(s), (t), and (u). In short, *Living Essentials* has now definitively established that reliance is not required under the portions of the UTPA at issue in this case.

**B.** **Conclusion**

Defendant's *Motions* should be denied. If this Court finds that any portion of the *Motion* should be granted, Plaintiff seeks leave to amend his *First Amended Complaint.*

Dated: September 26, 2023.

/s/ Rick Klingbeil

_____

Rick Klingbeil
OSB #933326

**Page 3 – PLF'S SUR-REPLY TO DEF'S FRCP 12(b)(6) MOTION TO DISMISS PLF'S FIRST AMENDED COMPLAINT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2023, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to

counsel of record as follows:

Sarah P. Pozzi,
E-mail: spozzi@cozen.com
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: (206) 340-1000


Paul K. Leary, Jr. (*pro hac vice*)
E-mail: pleary@cozen.com

Benjamin I. Wilkoff (*pro hac vice pending*)
E-mail: bwilkoff@cozen.com

One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-6911


Rachel B. Soloman (*pro hac vice pending*)
E-mail: rsoloman@cozen.com
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007 Telephone: (212) 908-1378

*Attorneys for Defendant Rite Aid Corporation*

Rick Klingbeil, PC
1826 NE Broadway
Portland, OR 97232
P: 503-473-8565
rick@klingbeil-law.com